(101 App. Div. 207)

### CUYLER v. WALLACE et al.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. LIFE INSURANCE—OWNERSHIP OF POLICY—PRESUMPTIONS—SUFFICIENCY OF EVIDENCE.

The legal presumption of the continued ownership of an insurance policy under an assignment thereof is not rebutted by the mere possession of the policy by the insured after the death of the assignee, but such possession, coupled with the fact of inability of the assignee's executor to find the assignment among his papers, is sufficient to rebut such presumption.

Appeal from Trial Term, Albany County.

Action by Emma F. Cuyler, as administratrix of the goods, chattels, and credits of George N. Cuyler, deceased, against Matthew J. Wallace and another, as executors of the will of George Cuyler, deceased. From a judgment for plaintiff, defendants appeal. Affirmed.

The facts in this case were stipulated, and are as follows:

"(1) That on or about May 7, 1867, the Connecticut Mutual Life Insurance Company issued and delivered to George N. Cuyler its policy of insurance on the life of George N. Cuyler, in and by which policy and contract of insurance the said company did insure the life of said George N. Cuyler in the sum of twenty-five hundred dollars, and did promise and agree to pay the said sum of twenty-five hundred dollars to the legal representatives of the said George N. Cuyler within ninety days after satisfactory proofs of the death of said George N. Cuyler had been furnished to said company.

"(2) That said policy of insurance became and was a fully paid up policy of insurance long before the death of said George N. Cuyler.

"(3) On or about August 3, 1887, George N. Cuyler assigned and delivered said policy of insurance to his father, George Cuyler; and a duplicate of said assignment was thereafter, and on or about February 18, 1891, duly filed in the office of the Connecticut Mutual Life Insurance Company.

"(4) George Cuyler died on or about November 7, 1893, at the city of Albany, leaving a last will and testament, which was duly admitted to probate by the surrogate of Albany county on the 11th day of July, 1894, and the defendants, Matthew J. Wallace and Henry S. McCall, were duly appointed as executors of said last will and testament, and duly qualified as such, and ever since that time have been, and now are, acting as such.

"(5) After the assignment of said policy of insurance, and the filing of a duplicate thereof with the insurance company, and previous to the death of George Cuyler, plaintiff's intestate, George N. Cuyler, was in possession of said policy of insurance, and continued in possession thereof up to the time of his death, claiming to be the owner thereof; and the defendants Henry S. McCall and Matthew J. Wallace, as executors of George Cuyler, deceased, never had possession of said policy of insurance.

"(6) The defendants, as executors of said George Cuyler, deceased, filed an inventory of said estate in the office of the surrogate of Albany county on or about the 11th day of October, 1894, but no claim is therein made to the policy of insurance in question.

"(7) The defendants, as such executors, rendered a final account of their proceedings in the year 1895, but no claim is made in the said final account of their proceedings to the policy of insurance in question.

"(8) Objections were filed to the account of the defendants as executors in that proceeding by and on behalf of Charles M. Cuyler and Ida P. Cuyler, children and next of kin of their testator; one being that the said executors had failed to account or charge themselves with the said policy of insurance, and claiming that it belonged to the estate of George Cuyler.

"(9) Upon that objection, testimony was taken before the surrogate of Albany county. George N. Cuyler was subpœnaed and sworn as a witness; was required to, and did, produce said policy of insurance; and did then and there testify that he was the owner of, and in possession of, said policy of insurance.

"(10) That thereafter, and on or about February 18, 1896, a decree was made by the surrogate of Albany county in the said final judicial settlement of the accounts of the defendants as executors of the last will and testament of George Cuyler, deceased, and duly filed in said surrogate's office on that day, in and by which it was provided, among other things, that the defendants herein retain the sum of $500 for the expenses of prosecuting an action against George N. Cuyler for the recovery of said policy of insurance.

"(11) That said George N. Cuyler died intestate on the 22d day of August, 1903, at the city of Albany, where he was born and always resided.

"(12) That the plaintiff herein was duly appointed as the administratrix of his estate by the surrogate of Albany county on or about September 15, 1903, and that she duly qualified, and ever since that time has been, and now is, acting as such administratrix.

"(13) That the said defendants never attempted by action or any other proceeding to recover said policy of insurance from George N. Cuyler in his lifetime, or since his death, except that the said defendants did make a claim to the moneys due on said policy of insurance from said Connecticut Mutual Life Insurance Company after the death of said George N. Cuyler.

"(14) That George N. Cuyler resided with his wife, the plaintiff herein, for many years prior to the death of George Cuyler, at 131 Chestnut street, in the city of Albany, N. Y., and that said George Cuyler resided on Clinton avenue, in said city of Albany.

"(15) Annexed hereto is a copy of the will of said George Cuyler.

"Dated April 23, 1904.　　　　　　　　　　Mark Cohn,
　　　　　　　　　　　　　　　　　　　　　　"Attorney for Plaintiff.
　　　　　　　　　　　　　　　　　"Zeb A. Dyer,
　　　　　　　　　　　　　　　　　　　　　　"Attorney for Defendants.

" 'I, George Cuyler, of Albany, being of sound mind and memory, make, publish and declare my last will and testament as follows:

" 'First. I direct that all my just debts and funeral expenses be paid.

" 'Second. I direct that my funeral be conducted in a quiet and unostentatious manner, my body interred in my lot in the Rural Cemetery, the date of my death cut on the monument there erected, and such sum be given by the executors to the trustees of said cemetery as will secure perpetual care to said cemetery lot.

" 'Third. I give and make the bequests or legacies following, that is to say:

" 'To my grandson, George W. Cuyler, $1,000.00.

" 'To my niece, Carrie Vanderlip, $3,000.00.

" 'To my niece, Adeline Wilbur of Albany, $2,000.00.

" 'To my niece, Eliza M. Geary, $300, and to her five children each a like sum of $300.00.

" 'To my brother-in-law, James Stryker, of New Brunswick, N. J., $500.00.

" 'To my servant girl, Mary Martin, $50.00.

" 'To my friends, Jacob C. Cuyler and Chauncey B. Wicks, each the sum of $50.00.

" 'To Matthew J. Wallace and his brother, Robert, each the sum of $100.00.

" 'To Henry S. Foster, $200.00.

" 'Fourth. I give to my son, George N., all my books and papers, and wearing apparel; to my son Frank E. Cuyler, my New York Central and Hudson River Rail Co. stock, of the par value of $5,000.00; to my daughter, Ida P. Cuyler, my household furniture and the personal property and money which came or comes to me through the death of my daughter, Minnie; to my friend, Thomas O'Hagan, my gold-headed cane, his gift to me. I also give to my son, Frank E., my gold watch, and to Emma Cuyler, the wife of my son George, $1,000.00.

" 'Fifth. I give, devise and bequeath my house and premises known as 13 Clinton Avenue, Albany, and my stock or scrip in the Western Union Telegraph Company unto my executors, hereinafter named, and the survivor of them in trust, nevertheless to take possession of said premises and stock, receive the income, rents, issues and profits thereof, lease the said real estate and from and out of the rents and income thereof, keep the same in repair, pay all taxes and assessments thereon, keep the buildings insured to amount of at least $6,000.00, during the joint lifetime of my son George N. Cuyler, and my daughter, Ida P. Cuyler, and in case the said George N. survives the said Ida P., during the lifetime of the said George N. Cuyler, and after paying said taxes, assessments, insurance and repairs, to pay over the balance of said rents, issues and profits to said George N. and Ida P., in equal proportions, share and share alike, during their joint lives, and in the event of the death of said Ida P. before that of said George N. then from and after the death of said Ida the whole net income of said estate to be paid over to said George N. during his lifetime. Payment of net income aforesaid to be made at least as often as half yearly. The income or dividends of said telegraph stock is to be paid over to said George N. and Ida P., in the same manner as above directed in regard to the rents and profits of No. 13 Clinton Avenue, that is equally, during the time both live, and if Ida P. dies before said George then the whole income or dividends on said stock is to be paid over to said George during his lifetime.

" 'Lastly. I nominate and appoint Matthew J. Wallace and Henry S. McCall, attorney, of Albany, executors of this my last will and testament, hereby revoking all former wills by me made.

" 'In witness whereof, I have hereunto set my hand and seal, this twelfth day of August, A. D., 1893. George Cuyler. [L. S.]' "

After the death of George N. Cuyler his administratrix brought an action against the Connecticut Mutual Life Insurance Company upon the policy. Upon motion of the defendant in that action the executors of the last will and testament of George Cuyler, deceased, were impleaded. Upon the facts as thus stipulated, the trial judge had held as conclusion of law that George M. Cuyler was at the time of his death the owner and holder of said policy of life insurance in the Connecticut Mutual Life Insurance Company, and that the plaintiff, as his administratrix, was entitled to the moneys due thereupon. To that decision exceptions were duly filed by the executors of George Cuyler. Judgment was entered upon the decision, and from that judgment this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Peter A. Delaney, for appellants.
Mark Cohn, for respondent.

SMITH, J. The trial judge properly held that the administrator of George N. Cuyler was entitled to the moneys due upon the policy. The

failure of the executors of George Cuyler to include the policy among the assets of their testator is evidence of the fact that the assignment of the policy was not found among such assets. Under the stipulation that assignment was executed in duplicate, one of the copies having been filed with the insurance company. The other copy was delivered to George Cuyler. The policy having been once shown to be legally owned by George Cuyler, there is a legal presumption of the continuance of ownership until some evidence be offered of its retransfer to George N. Cuyler. The possession of the policy itself by George N. Cuyler before the death of his father is not, in my judgment, alone sufficient to rebut the presumption of continuance of ownership of the policy by his father. When in addition to that possession, however, is shown the failure of the executors of George Cuyler to find among his papers the assignment which was once delivered to him, a legal inference would fairly seem to follow that that assignment had been destroyed, and the policy retransferred by the father to the son. This is sufficient, in my judgment, to establish a prima facie case of ownership in the son, and, in the absence of other evidence, is sufficient to sustain the conclusion of the trial justice.

The judgment should therefore be affirmed, with costs. All concur.